IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRIS RYAN MARDIS                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:14cv550-JCG

MICHAEL MOSS, ET AL.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER GRANTING
MICHAEL MOSS' MOTION FOR SUMMARY JUDGMENT FOR
PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

BEFORE THE COURT is a Motion for Summary Judgment [29], filed by Defendant Officer Michael Moss ["Defendant Moss"]. Chris Ryan Mardis ["Plaintiff"] has filed a Response [33]. Plaintiff is a post-conviction inmate in the custody of the Mississippi Department of Corrections ["MDOC"], serving a sentence for escape and felony DUI. He is proceeding in this suit *pro se* and *in forma pauperis*.

An omnibus hearing, which also served as a *Spears*[1] hearing, was held on February 3, 2015. At the omnibus hearing, Plaintiff was able to provide additional details surrounding his claims. Having considered the submissions of the parties, the pleadings and record on file, and the relevant legal authority, the undersigned concludes that the Motion for Summary Judgment [29] should be granted inasmuch as Plaintiff has failed to exhaust his available administrative remedies pertaining to the allegations asserted against Defendant Moss.

---

[1] *Spears. v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

I. <u>FACTUAL BACKGROUND & PROCEDURAL HISTORY</u>

Plaintiff filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on July 15, 2014, advancing an excessive force claim, a failure to protect claim, a general complaint regarding the grievance system in place, and seeking money damages. Compl.[1] at p. 4. Plaintiff's Complaint named Lauderdale County Sheriff's Department, Lauderdale County Detention Facility, Billie Sollie, Ward Calhoun, Unknown Major Robinson, and Unknown Sergeant Rush. Plaintiff's Complaint generally alleges that he has "safety and security" concerns regarding being "unlawfully" housed as a pretrial detainee with convicted inmates at the Lauderdale County Detention Facility. *Id.*; *see also* Pl.'s Resp. [12] to Court Order, at p. 2. Plaintiff further complains of the grievance system in place stating that there is "total disregard and neglect as far as the grievance system goes." Compl. [1] at p. 4.

Plaintiff filed a Motion [2] for Leave to Proceed *in forma pauperis*, which the Court granted by Order [8] entered on September 18, 2014. A second Order [9] was issued that same day directing Plaintiff to provide certain additional information on or before October 8, 2014. On September 26, 2014, Plaintiff moved to amend [10] his Complaint. On October 29, 2014, the Court granted Plaintiff's Motion to Amend and added Defendant Moss. Order [11]. This Order further directed Plaintiff to show cause for his failure to comply with a previous Court Order [9]. On November 14, 2014, Plaintiff filed a Response [12] in compliance with the Court's Order [9], resulting in the dismissal of the Lauderdale County Sheriff's Department, the

Lauderdale County Detention Facility, Billie Sollie, and Ward Calhoun as named Defendants. Order [13]. The Court further directed that summons be issued to Lauderdale County, Unknown Major Robinson, Unknown Sergeant Rush, and Unknown Officer Moss. Order [13], entered November 19, 2014. An Answer [17] was filed on behalf of Lauderdale County, Unknown Moss, Unknown Robinson, and Unknown Rush on January 7, 2015.

On February 3, 2015, the Court conducted the Omnibus Hearing wherein Plaintiff clarified his claims by his sworn testimony. On February 4, 2015, an Order [25] was entered reassigning the above captioned cause upon consent.

The instant Motion [29] for Summary Judgment was filed on April 23, 2015. Plaintiff failed to timely respond to Defendant's Motion and the Court thereafter issued an Order [32] to Show Cause. Plaintiff's Response [33] was received and filed on June 5, 2015.[2]

## II.  ANALYSIS

A.  Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit,* 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no *genuine*

---

[2]The docket reflects that since the filing of his Complaint, Plaintiff has been transferred to the South Mississippi Correctional Institution ["SMCI"].

issue of *material* fact." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986)(emphasis in original). In other words, "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. "The Court reviews all evidence in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party." *Paz v. Brush Engineered Materials, Inc.,* 555 F.3d 383, 391 (5th Cir. 2009); *see also Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013). "Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002) (quotations omitted). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

B.  Exhaustion

    1.  The PLRA

"Prisoner litigation continues to 'account for an outsized share of filings' in federal district courts." *Jones v. Bock,* 549 U.S. 199, 203 (2007)(citing *Woodford v. Ngo,* 548 U.S. 81, 84 (2006)). "Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that

prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Id.*

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford,* 548 U.S. at 84. "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter,* 534 U.S. at 525).[3]

Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective

---

[3]"In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to federal court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Porter,* 534 U.S. at 525 (internal citations and quotations omitted).

administrative grievance or appeal." *Id.* at 83-84:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers,* 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

    2.    <u>Analysis of Plaintiff's Claims</u>

Defendant Moss moves for summary judgment relying in part on Plaintiff's sworn testimony that the alleged incident related to Defendant Moss occurred after he filed the above captioned cause. Defendant further asserts that Plaintiff did not exhaust his administrative remedies prior to naming Moss as a Defendant. Mem. [30] in Supp. of Mot. [29] for Summ. J. at p. 7.

Plaintiff opposes the instant Motion arguing that: "I was unaware that I was failing to exhaust my remedy program. Even with that being said, the attack happened and I'm seeking justice for these acts." Pl.'s Resp. [33] at p. 1. Plaintiff further states:

> In defendants motion for dismissal it clearly states where I failed to exhaust my grievance system. [sic] <u>Which I in fact clearly stated at my</u>

> omnibus hearing that I did in fact fail to do so. The reason being I've already had difficulties dealing with the grievance system or legal matters when came [sic] to jail administrators. They was [sic] failing to do their jobs in other areas so that's why I took matters further and amended this matter in my suit.

*Id*. [emphasis added].

Nothing contained within Plaintiff's Response indicates completion of any grievance procedure regarding his allegations against Defendant Moss.

Moreover, the Official Transcript [27] for the Omnibus Hearing conducted on February 3, 2015, clearly indicates that Plaintiff was aware that a grievance system was in place at the Lauderdale Detention Facility. Tr. [27] at p. 31. Plaintiff testified that he had taken advantage of the existing grievance system and had submitted numerous complaints through same. *Id*. Plaintiff, while under oath, confirmed that the instant Complaint was signed on July 7, 2014, the incident complained of regarding Defendant Moss occurred on August 30, 2014, and the amendment of his Complaint to add Defendant Moss was on September 26, 2014. *Id*. at pp. 31-32.

| | |
|---|---|
| THE COURT: | . . . you sought to amend your lawsuit by adding - - |
| PLAINTIFF: | Officer Moss. |
| THE COURT: | But you acknowledge that you have not exhausted your administrative remedies before you did that. |
| PLAINTIFF: | Yes, sir. |

Tr. [27] at p. 49.

Plaintiff cannot initiate matters on his own accord and he cannot bypass a grievance system by amendment of his Complaint in this Court. The law is clear that "[i]t is not enough to merely initiate the grievance process or to put prison

officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Tompkins v. Holman*, No. 3:12CV87-LRA, 2013 WL 1305580, at *1 (S.D. Miss. Mar. 26, 2013) (citing *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001)).

The record clearly indicates that Plaintiff did not complete the grievance process relating to his allegations against Defendant Moss. The Affidavit, the documents and record, together with Plaintiff's own testimony, constitute uncontroverted evidence in support of Defendant Moss' Motion for Summary Judgment. Plaintiff cannot undermine the ARP process by initiating litigation against Moss in this Court prior to exhausting his administrative remedies. The undersigned concludes that Defendant Moss has satisfied the burden of showing that there is no genuine dispute as to any material fact regarding Plaintiff's failure to exhaust his administrative remedies.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Motion for Summary Judgment [29] filed by Officer Michael Moss is **GRANTED**, and he is dismissed as a Defendant from the above captioned cause. The Court will issue a scheduling order in order for this cause to proceed forward against the remaining named Defendants.

**SO ORDERED AND ADJUDGED**, this the 28th day of January, 2016.

*s/ John C. Gargiulo*
**JOHN C. GARGIULO**
**UNITED STATES MAGISTRATE JUDGE**